HEARD APRIL TERM, 1876.

## CLARKE *vs.* HARPER.

The Supreme Court has no jurisdiction to hear a case on appeal from the Circuit Court unless it appears that some question of law was raised during the trial which is charged to have been erroneously ruled by the Judge, and which was brought by exception or otherwise to his notice before the trial closed.

BEFORE REED, J., AT CHARLESTON, NOVEMBER, 1875.

This was an action by George W. Clark against James Harper to recover the amount alleged to be due on a draft for $250, drawn by John B. Harper on the defendant, payable to the order of Stephen Owens, at twelve months, dated January 1st, 1869, accepted by the defendant and endorsed by the payee in blank.

The defense was that the draft was taken by Owens as the agent of the plaintiff; that it was without consideration, illegal, fraudulent and void.

No exception was taken during the trial to any ruling of the Judge, nor to his charge to the jury. The jury found for the

plaintiff the amount of the draft, and the defendant moved for a new trial, which was refused.

An appeal was then taken by the defendant to this Court.

*Maurice*, for appellant.

*Smythe*, contra.

August 4, 1876. The opinion of the Court was delivered by

WRIGHT, A. J. The appellant in this action asked the presiding Judge to charge the jury in a certain manner. The Judge charged the jury, and no exception was taken to such charge; but, after a verdict had been rendered, the appellant moved on the minutes of the Judge to set aside the verdict and grant a new trial, which was refused, and from that order an appeal is taken to this Court.

During the trial of the cause there were no exceptions taken to the ruling or charge of the Judge by the appellant; therefore no question of law is involved that he has the right to discuss before this Court. This Court, being constituted "a Court for the correction of errors at law," in such cases cannot review on appeal a case where no exception is taken or error of law charged and brought to the attention of the Judge below at the proper time. The cases are so numerous in which this doctrine has been held by this Court that further argument is unnecessary.

The motion to dismiss the appeal must be granted.

*Willard*, A. J., concurred.

*Moses*, C. J., concurred and filed the following separate opinion:

MOSES, C. J. I am so far from being satisfied with the law, as laid down by the presiding Judge as the governing principle which was to be applied to the facts by the jury, that I have examined the brief with much care to see if we were at liberty to set the verdict aside by reason of the errors of law averred by the appellant to have been made in the charge. As is said in the opinion of the Court, pronounced by my associate, "this Court is one for the correction of errors at law." In chancery cases it has a more enlarged jurisdiction. What is required to entitle a party to be heard here in a law case on allegations of error in the charge of a Circuit

Judge has been declared in numerous decisions to be found in our reports.

A most careful revision of the brief has failed to discover an exception to any proposition expressed in the charge or to any refusal to charge on request made. I do not confine myself to a definite, formal or certain request, but there was nothing brought to the view of the Court from which the exceptions now insisted on could have been implied.

In *South Carolina Railroad Company* vs. *Wilmington, Columbia and Augusta Railroad Company*, (MS. decision, November Term, 1875,) it is said: "It should appear by the record that the Court was apprised that the party intended to rely on the propositions advanced by way of exception. In the present case, that fact appears by the language of the charge itself, and there is a substantial compliance with the rule in question."

In the case now before us I fail to perceive anything in the record from which such an intention can be inferred. I must, therefore, concur in the order to dismiss the motion.